O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEORGE TATER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HUNTINGTON BEACH, et al.,<br><br>Defendants. | Case No.: 8:20-cv-01772-MEMF (JDEx)<br><br>**ORDER GRANTING MOTION TO WITHDRAW [ECF NO. 102]** |

Before the Court is a Motion to Withdraw filed by the Sehat Law Firm. ECF No. 102. For the reasons stated herein, the Court GRANTS the Motion to Withdraw.

/ / /

/ / /

I. **Factual and Procedural Background**

This is a wrongful death and constitutional violation action brought against Defendants the City of Huntington Beach, Police Officer Stefani Williams, Detention Officers Michael Wagner and Nicole Shogren, and Detention Shift Supervisor Kelli Herrera (collectively, "Defendants") for the death of Shannon Tater ("Tater"). ECF No. 21, First Amended Complaint ("FAC"). Plaintiffs are Tater's daughter, Kyla Staniskis, and Tater's father, Michael Tater (collectively, "Plaintiffs"). *Id.*

On August 26, 2017, Tater was arrested twice and taken to Huntington Beach Hospital. ECF No. 79 ("Defendants SUF") ¶¶ 3, 11–13, 32. After being seen by hospital staff, Tater was released for booking into jail. *Id.* ¶ 50. That evening, Tater was released from the jail and was later found dead by two passersby. *Id.* ¶¶ 85, 89.

On September 17, 2020, Plaintiffs filed a complaint against Defendants. ECF No. 1. The Complaint lists Cameron Sehat ("Sehat") as the attorney for Kyla Staniskis and lists Michael Tater as *in pro per*. *Id.* at 1. On January 6, 2021, Plaintiffs filed a First Amended Complaint, alleging causes of action for: (1) Deliberate Indifference to a Substantial Risk of Harm to Health & Safety, pursuant to 42 U.S.C. § 1983; (2) State Created Danger, pursuant to the Fourteenth Amendment of the United States Constitution; (3) Denial of Medical Care, pursuant to 42 U.S.C. § 1983; (4) Violation of Title II Of The Americans with Disabilities Act and The Rehabilitation Act ("Title II"), pursuant to 42 U.S.C. § 1983; (5) Supervisory Liability, pursuant to 42 U.S.C. § 1983; (6) Failure to Train, pursuant to 42 U.S.C. § 1983; (7) Unconstitutional, Custom, Practice & Policy, pursuant to 42 U.S.C. § 1983; (8) Negligence; (9) Battery; (10) Unreasonable Seizure, pursuant to 42 U.S.C. § 1983; (11) Violation of the Tom Bane Civil Rights Act ("Bane Act"), pursuant to CAL. CIV. CODE § 52.1, *et seq.*; (12) Interference with Familial Relations, pursuant to 42 U.S.C. § 1983; and (13) Failure to Summon Medical Care, pursuant to CAL. GOV. CODE § 845.6. *See generally* FAC. The FAC lists Sehat as the attorney for Kyla Staniskis and lists Michael Tater as *in pro per*. *Id.* at 1.

On September 30, 2022, Sehat filed the instant Motion to Withdraw as Counsel. ECF No. 102 ("Motion" or "Mot."). On October 3, 2022, the Court issued an order requiring Sehat to be present at the hearing. ECF No. 104. The Court held a hearing on the Motion on October 6, 2022. Present at the hearing were Sehat and Michael Tater.

## II. Discussion

During the October 6 hearing, the Court, in camera, inquired of Sehat regarding his communications with Michael Tater and the reason for his request to withdraw. Counsel for Defendants does not oppose this Motion.

Withdrawal of counsel is permitted under Rule 1.16 of the California Rules of Professional Conduct where the client's conduct makes it "unreasonably difficult" for an attorney to carry out their duty of representation. CAL. R. PROF'L CONDUCT 1.16(b)(4). Moreover, "[t]he determination whether to grant or deny an attorney's motion to withdraw as counsel of record lies within the sound discretion of the trial court," after considering whether "withdrawal might work an injustice in the handling of the case." *Lempert v. Superior Court*, 5 Cal. Rptr. 3d 700, 709 (2003).

In his submissions and in camera at the hearing, Sehat described the nature of his communications with Michael Tater and his reasons for seeking withdrawal. Having considered that Michael Tater, himself, does not oppose this Motion, the Court finds granting withdrawal to be appropriate under governing law.

## III. Resources for Self-Represented Parties

As discussed at the hearing, the Court wishes to advise Michael Tater that while he remains self-represented, the Court holds parties without an attorney to the same standards of conduct to which it holds attorneys and does not exempt them from compliance with the Federal Rules of Civil Procedure or the Local Rules. *See* C.D. CAL. L.R. 1-3 and 83-2.2.3. Appreciating the challenges which may come with self-representation, however, the Court provides the following resources, which he may wish to consult in litigating this case:

- Information on the Federal Pro Se Clinic in Los Angeles, which offers on-site information and guidance to individuals who are representing themselves, can be found at https://prose.cacd.uscourts.gov/los-angeles.
- General information on how parties may represent themselves in civil cases in the Central District of California can be found at https://prose.cacd.uscourts.gov/.
- Local Civil Rules for the Central District of California can be found at http://www.cacd.uscourts.gov/court-procedures/local-rules.

- Federal Rules of Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.

### IV. **Conclusion**

In light of the foregoing reasons, the Court hereby GRANTS the Motion for Leave to Withdraw as Counsel and ORDERS as follows:

1. In light of what was discussed during the in camera portion of the hearing, the Court shall allow Michael Tater thirty (30) days from the date of this Order to obtain separate counsel;
2. Sehat shall, to the extent permitted by the applicable California Rules of Professional Conduct, direct Michael Tater to appropriate resources and guidance for obtaining new counsel.

**IT IS SO ORDERED.**

Dated: October 12, 2022

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge